Mr. Justice Scott delivered the opinion of the Court. It is true, as held in Buckner vs. Greenwood, (1 Eng. 200,) that a bond derives its negotiability solely from our statute of “ Assignments,” (Dig. 161,) and this is unlike a bill of exchange or promissory note payable to bearer which were negotiable by the law merchant, and remains so, not only under that law, but under the statute which, as to these, is cumulative. And it is also true, as contended by appellant’s counsel, that a delivery is necessary to perfect an assignment, and this whether the assignment be made under the law merchant or the statute, as has been several times held by this Court; and the cases cited by the counsel are to this point, but not to the point he raises as to the sufficiency of the allegation of the assignment. The allegation is one thing, and the proof of assignment another. The demurrer properly raised a question as to the former; but, until a sworn plea was filed, under the 4th section of the statute, the written assignment declared on proves itself under the provisions of that section, just as a note or bond declared on is evidence to sustain the declaration until its execution is denied by sworn plea. And, that the allegation of the assignment in this case is sufficient, there can be no doubt at all: indeed, it is alleged with unnecessary minuteness; the word “ assignment,” in the con-nexion in which it was used, ex vi termini imported delivery, that being an element of the assignment alleged. This being the only question raised, and finding no error, the judgment must be affirmed with costs. Being of opinion, from the amount of this judgment and the manifest want of grounds of probable error, that this is a proper case for imposing damages under the 40th sec., ch. 127, Dig. 828, let 5 per cent. damages be awarded on the amount of the judgment at law.